IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DARYAL T. NELSON and TOMMY ARMSTRONG,**          **PLAINTIFFS**
individually and on behalf of all persons similarly situated

vs.                              2:04CV00171-WRW

**WAL-MART STORES, INC. and WAL-MART**            **DEFENDANTS**
**TRANSPORTATION, LLC.**

**ORDER**

Pending is Defendants' Motion For Summary Judgement Against Individual Plaintiffs (Doc. No. 151). Plaintiffs have responded[1] and Defendants have replied.[2] Defendants' Motion is DENIED.

At this stage of the litigation -- before the liability phase -- I must decide whether it is appropriate to consider individual claims on the merits. It seems to me that precedent shows it is not.[3]

Plaintiffs must make a *prima facie* case of discrimination, but how the *prima facie* case is established varies based on whether an individual plaintiff brought the case, or whether the case was brought by a class.[4] *International Brotherhood of Teamsters v. United States*[5] and *Craik v.*

---

[1]Doc. No. 172.

[2]Doc. No. 181.

[3]See *Int'l. Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977); *Craik v. Minnesota State University Board*, 731 F.2d 465 (8th Cir. 1984); and *Coates v. Johnson & Johnson*, 756 F.2d 524, 531-32 (7th Cir. 1985).

[4]See *Coates v. Johnson & Johnson*, 756 F.2d 524, 531-32 (7th Cir. 1985).

[5]431 U.S. 324 (1977).

*Minnesota State University Board*,[6] explain how, in class actions alleging a pattern or practice of discrimination, a *prima facie* case is made. Both of those cases support the point that the liability phase of a bifurcated class action will focus on whether the plaintiffs established a *prima facie* case by proving that the defendants engaged in a pattern or practice of discrimination. Accordingly, it is not time to decide individual claims.

Further, the facts Defendants assert as to why summary judgment should be granted as to Plaintiffs Armstrong and Nelson are some of the same reasons given when Defendants challenged Plaintiff Armstrong's and Nelson's anecdotal evidence in Defendants' Motion For Summary Judgment on Plaintiffs' Class Claims.[7] In the Order denying Defendants' Motion For Summary Judgment on the class claims, I ruled that there are genuine issues of material fact that exist in connection with Armstrong's and Nelson's claims.[8] Based on the pleadings, nothing has changed.

Accordingly, Defendants' Motion (Doc. No. 151) is DENIED without prejudice.

IT IS SO ORDERED this 27th day of January, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] 731 F.2d 465 (8th Cir. 1984).

[7] Doc. Nos. 152, 154.

[8] Doc. No. 188.