IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DARYAL NELSON AND TOMMY ARMSTRONG,
individually and on behalf of all persons similarly situated                 **PLAINTIFFS**

v.  CONSOLIDATED CIVIL ACTION NO. 2:04-CV00171-WRW

WAL-MART STORES, INC. AND
WAL-MART TRANSPORTATION LLC                                                  **DEFENDANTS**

### <u>AMENDED PRELIMINARY APPROVAL ORDER[1]</u>

Today a hearing was held in this case on Plaintiff's Unopposed Motion for Certification of

Class for Settlement Purposes, Approval of Notice, and Preliminary Approval of Settlement

Agreement and Request for Fees and Expenses (Doc. No. 196). After reviewing the record, the

parties' filings, statements of counsel, and the Settlement Agreement, the Motion for Preliminary

Approval is GRANTED.

**THE COURT THEREFORE FINDS AND ORDERS AS FOLLOWS:**

1.       The Settlement Agreement between the Parties appears to be fair, reasonable and

adequate to the Settlement Class, and is preliminarily approved by the Court.

2.       Class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedures for

settlement purposes only is supported by the record in the case, including this Court's previous order

certifying the case as a Class on May 16, 2007.[2] The Court now certifies under Rule 23(b)(3) of the

Federal Rules of Civil Procedure  for settlement purposes only the Settlement Class defined as:

---

[1]This Order was amended to substitute the Parties' modified Settlement
Agreement for the original Settlement Agreement.

[2]Doc. No. 118.

(a)     African American persons, residing in the continental United States of America who, on or after June 22, 2001, applied for employment as over-the-road truck drivers at Wal-Mart and were not hired, or who, on or after September 22, 2001, received notification of rejection from employment as over-the-road truck drivers at Wal-Mart; and

(b)     African American persons who reside in the continental United States of America who, on or after September 22, 2001, were deterred or thwarted from applying for positions as over-the-road truck drivers at Wal-Mart due to policies and practices challenged in this action.

The Settlement Class includes claims for equitable relief, compensatory relief, and punitive damages.

Class Representatives for rejected applicants are Daryal Nelson and Tommy Armstrong.  Class Representative for deterred or thwarted drivers is Howard Gurley.

3.     With respect to the Rule 23(b)(3) Settlement Class, I preliminarily, and solely for purposes of effectuating this Settlement, find that:  (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) questions of law or fact are common to the Settlement Class; (c) those questions of law or fact predominate over any individual questions; (d) the Lead Plaintiffs' claims are typical of the claims of the Settlement Class; (e) Lead Plaintiffs Daryal Nelson, Tommy Armstrong, and Howard Gurley and Lead Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members; and (iii) the desirability or undesirability of continuing the litigation of these

claims in this particular forum.  For purposes of a Settlement Class, the Court need not make any findings regarding manageability.

      4.      The request by Class Counsel for Class Representatives' incentive awards of $40,000.00 for Tommy Armstrong and for Daryal Nelson and $5,000.00 for Howard Gurley appears to be fair and reasonable and is preliminarily approved.  I will consider any request by Class Counsel for attorneys' fees and out-of-pocket litigation costs at the Settlement Fairness and Final Approval Hearing.

      5.      Class Counsel are hereby authorized to retain Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, as Claims Administrator to supervise and administer the notice procedures and the processing of claims as set forth herein and in the Settlement Agreement.

      6.      The Notice of Settlement and the method of notification set forth in the Settlement Agreement constitute the best notice practicable under the circumstances.  The Notice of Settlement constitutes due and sufficient notice of the Settlement Agreement (as well as the anticipated requests for fees and litigation expenses) and of the time, date, and place of the Settlement Fairness and Final Approval Hearing, and constitutes due and sufficient notice for all other purposes to all persons legally entitled to receive such notice.  Accordingly, I approve as to form and content:  (a) claim form package for applicant class members, (b) claim form package for deterred class members, (c) mailing notice, and (d) publication notice, attached as Exhibits 1, 2, 3 and 4, and find that they will adequately inform the members of the Settlement Class of the scope and effect of the proposed Settlement, as well as their rights related to the Settlement.

- 3 -

7.     The proposed Publication Notice, to be published as set out in the Settlement Agreement, will be submitted for publication within fourteen (14) days of the date of this Order in the publications and media outlets as set out in Section XVII.E.2 of the Settlement Agreement. The proposed Notices to be mailed, as further described in the Settlement Agreement, will be mailed by the Claims Administrator within thirty (30) days of the date of this Order. To facilitate the notice by mail process, Wal-Mart, within ten (10) days of the date of this Order, will provide to the Claims Administrator a computer disk containing the names and last known addresses of all applicants for Wal-Mart's OTR truck driver positions who applied from June 22, 2001, through December 31, 2001. No later than seven (7) days before the Settlement Fairness Hearing, Class Counsel or the Claims Administrator will file with the Court an affidavit of mailing reflecting the names, addresses and date of mailing of the mailing notice, and will also file affidavits specifying the dates and places of publication of the publication notice.

8.     Any Settlement Class member who wishes to participate in the Settlement and be eligible to receive a monetary award must complete and submit a claim form in accordance with the instructions contained in the claim form. Unless the Court orders otherwise, all claim forms must be submitted within ninety (90) days of the date of this Order.

9.     Any Settlement Class member who does not submit a claim form within the time provided for will be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise directed by the Court, but will be bound by all determinations and judgments in this action concerning the Settlement, including, but not limited to, the releases set forth in the Settlement Agreement.

10.   Any Settlement Class members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.   If they do not enter an appearance, they will be represented by Lead Plaintiffs' Counsel.

11.   Any individual, who otherwise would be part of the Settlement Class, may exclude himself or herself from the Class, as provided in Section XVII.F.2 of the Settlement Agreement, by including the proper language to be included in an "opt-out" letter.   That language, which the parties have agreed upon and which I approve, is as follows:

> I understand that I am requesting to be excluded from the class settlement and that I will receive no money from the settlement fund created under the Settlement Agreement entered into by Wal-Mart. I understand that if I am excluded from the class settlement, I may bring a separate legal action for my individual claims, but may receive nothing or less than what I would have received if I had filed a Claim under the class settlement procedure in this case. I also understand that in any individual action, I may be bound by the terms of the injunctive relief provided in the Class Settlement agreement.

Individuals who seek to exclude themselves from the Settlement must do so within ninety (90) days of the date of this Order.

12.   Those individuals who have filed an opt-out request may rescind their opt-out request within ninety (90) days of the date of this Order, with language as follows:

> I previously submitted an Exclusion Letter seeking exclusion from the class and the class settlement. I have reconsidered and wish to withdraw my Exclusion Letter.  I understand that by rescinding my Opt-out I will be part of the class and may be eligible to receive an award from the Class Settlement Fund and may not bring a separate legal action against Wal-Mart seeking relief.

Defendants will have fifteen (15) business days after the deadline for submitting an Exclusion Letter to exercise their option to rescind the Settlement Agreement if the number of opt-outs exceeds the number in the Supplemental Agreement between the parties.

13.     Any individual who wishes to appear at the Settlement Fairness and Final Approval

Hearing in person or through separate counsel to object or challenge the fairness, reasonableness,

or adequacy of the Settlement Agreement, or any provision of it, or the amount of requested fees and

litigation expense, must file a written objection within ninety (90) days of the date of this Order with

the Claims Administrator, with copies to Class Counsel and counsel for Wal-Mart, containing the

following:

(a)     Heading referring to *Daryal Nelson and Tommy Armstrong, individually and on behalf of all persons similarly situated, v. Wal-Mart Stores, Inc. and Wal-Mart Transportation LLC,* Case No. 2:04 CV 171WRW, and to the U.S. District Court for the Eastern District of Arkansas;

(b)     Statement as to whether the objector intends to appear at the Settlement Fairness and Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;

(c)     Statement of the specific legal and factual basis for each and every objection;

(d)     List of any witnesses the objector may call at the Settlement Fairness and Final Approval Hearing, together with a brief summary of each witness' expected testimony;

(e)     List and copies of any exhibits which the objector may seek to use at the Settlement Fairness and Final Approval Hearing;

(f)     List of any legal authority the objector may present at the Settlement Fairness and Final Approval Hearing;

(g)     The objector's current address;

(h)     The objector's current telephone number; and

(i)     The objector's signature.

14.     Any objector who fails to follow the procedure for objecting to the settlement, or fee

and expense requests, as set forth immediately above will not be permitted to raise or

pursue an objection at the Settlement Fairness and Final Approval Hearing, and such failure shall constitute waiver of any objection to the Settlement Agreement.

15.    Responses to objections or any supplemental or supporting papers must be filed no later than seven (7) days before the Settlement Fairness Hearing.

16.    At the Settlement Fairness Hearing, which will commence at 9:30 a.m. on June 30, 2009, the parties will present evidence in support of Final Approval of the Settlement and related matters. At the Settlement Fairness and Final Approval Hearing, the Court may:

(a)    Consider any proper and timely filed opt outs, objections to the proposed settlement, and objections to requests for fees and expenses;

(b)    Make further findings concerning whether the Settlement Agreement is fair, reasonable and adequate to the Settlement Class and whether it should therefore be finally approved by the Court as required by Rule 23 of the Federal Rules of Civil Procedure;

(c)    Make findings concerning whether the requests by the Class Representatives for incentive awards and Class Counsel for attorneys' fees and expenses are fair and reasonable to be awarded from the common settlement fund in this case; and

(d)    Consider any other matters properly brought before the Court concerning this action and the proposed Settlement.

17.    If the Court does not grant final approval to the Settlement Agreement, it will be null and void without further action by the Court, and neither it nor this Order will be admissible in any other proceeding or in any further proceedings in this matter.

Dated this 5th day of March, 2009.

_____
WM. R. WILSON, JR.
UNITED STATES DISTRICT JUDGE

- 7 -