IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| DARYAL T. NELSON, Individually and on Behalf of All Persons Similarly Situated | | PLAINTIFF |
| vs | 2:04CV00171-WRW (LEAD CASE) | |
| WAL-MART STORES, INC., and WAL-MART TRANSPORTATION, LLC | | DEFENDANTS |
| TOMMY ARMSTRONG, Individually and on Behalf of All Persons Similarly Situated | | PLAINTIFF |
| vs | 2:05CV00134-WRW (CONSOLIDATED CASE) | |
| WAL-MART STORES, INC., and WAL-MART TRANSPORTATION, LLC | | DEFENDANTS |

**FINAL ORDER OF APPROVAL AND DISMISSAL**

This matter came before the Court for hearing pursuant to the Orders of this Court, dated February 25 and March 5, 2009 on the application of the parties for approval of the settlement set forth in the Settlement Agreement dated as of February 19, 2009 (the "Settlement"). The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request that the Court retain jurisdiction to enforce the terms of their Settlement Agreement under the authority of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

Due and adequate notice having been given to the Settlement Class as required in this Court's Orders, and the Court having considered all papers filed and proceedings had herein, and

1

otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Settlement, and all terms used herein will have the same meaning as set forth in the Settlement.

2.      This Court has jurisdiction over the subject matter of the Consolidated Litigation and over all parties to the Consolidated Litigation, including all Settlement Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class.

4.      The parties must comply with the signed Settlement Agreement dated February 19, 2009.  The parties expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires this order to be specific in terms or to describe in reasonable detail and without reference to the settlement agreement.

5.      By consent of the parties, the Court will retain jurisdiction for the purpose, if necessary, of enforcing the terms of the Settlement Agreement and for such other purposes as set forth herein.

6.      This case is dismissed with prejudice, with leave to reinstate on or before the expiration of the Settlement Agreement for the purpose of enforcing the Settlement.  The parties are barred from relitigating any Claims raised in this litigation or any Claims released by means of the Settlement Agreement.

7.      In the event a motion to reinstate or motion to enforce settlement is not filed on or before the expiration of the Settlement Agreement, the Court will relinquish jurisdiction and the case will be deemed dismissed with prejudice for all purposes without further order of the

Court. Each party will bear its own attorneys' fees and costs (except as otherwise provided in the Settlement).

8.     Except as to any individual claim of those Persons who validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Settlement) the Litigation and all claims contained therein, including the Released Claims, against each and all of the Defendants.

9.     At the Final Approval Hearing that was held on June 30, 2009, the Court heard objections from Class Representatives Daryal Nelson and Tommy Armstrong, as well as from Jeffrey Cole. The Court notes that none of the objections were filed by the May 27, 2009, deadline. Even if the objections had been timely, I would find, and do find that the Settlement is fair, just, reasonable, and adequate as to each of the Settling Parties, and that the Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the terms of the Settlement, and that the objections of Nelson, Armstrong and Cole are overruled and dismissed. The Court has also considered the timely filed objection of Gary Moore, who was not present at the hearing, to be without merit and overrules and dismisses his objection.

10.    Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class Members will be deemed to have, and by operation of this Judgment will have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Defendants, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release.  Accordingly, the Plaintiffs and each of the Settlement Class Members are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any capacity, any and all of the Released Claims against the

Defendants.  Notwithstanding, nothing herein is meant to bar any claims relating to performance or enforcement of the Settlement.

11. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment will have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, in any way relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.  Notwithstanding, nothing herein is meant to bar any claims relating to performance or enforcement of the Settlement.

12. Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class Members, and the heirs, executors, administrators, successors and assigns of any of them, will also be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished and discharged Defendants and their counsel from all claims (including Unknown Claims), arising out of the defense, conduct, settlement or resolution of the Litigation or the Released Claims, provided, however, that nothing herein is meant to bar any claims relating to performance or enforcement of the Settlement.

13. "Settlement Class" means all:

a. African American persons, residing in the continental United States of America, who, on or after June 22, 2001, applied for employment as OTR truck drivers at Wal-Mart and who were not hired or who, on or after September 22, 2001, received notification of rejection for employment as OTR truck drivers at Wal-Mart ("Applicant Class Members"); and

b. African American persons, residing in the continental United States of America, who, on or after September 22, 2001, were deterred or thwarted from applying for employment as over-the road truck drivers at Wal-Mart due to policies and practices challenged in the Consolidated Litigation ("Deterred Class Members").

Tommy Armstrong and Daryal Nelson are the Class Representatives as to the Applicant Class. Howard Gurley is the Class Representative as to the Deterred Class. Those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the "Notice of Proposed Settlement" sent to potential Settlement Class Members are excluded from the Settlement Class.

14.     With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Consolidated Litigation is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) Class Representatives Tommy Armstrong, Daryal Nelson and Howard Gurley's claims are typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

15.     The request by Class Counsel for Class Representatives' incentive awards of $40,000 each for Tommy Armstrong and Daryal Nelson and $5,000 for Howard Gurley is fair and reasonable and is hereby approved.

16.     The Notice of Proposed Settlement provided to the Settlement Class constituted the best notice practicable under the circumstances, including the individual notice to all

Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

17.     Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) any fault or omission of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants may file the Settlement and/or this Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

18.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purposes of construing, enforcing, and administering the Settlement.

20.     As set forth in the Settlement, following release to the Qualified Settlement Fund, the Defendants and their counsel will have no responsibility for, interest in, or liability

whatsoever with respect to any act, omission or determination of the Escrow Agent, Claims Administrator or Plaintiffs' Counsel or any agent or designee thereof in connection with the administration of the settlement or distribution of the settlement proceeds.

IT IS SO ORDERED this 8th day of July, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE