**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

| | |
|---|---|
| **DARYAL T. NELSON, individually and on behalf of all persons similarly situated** | **PLAINTIFF** |
| **VS.        CONSOLIDATED CIVIL ACTION NO. 2:04CV0000171 WRW** | |
| **WAL-MART STORES, INC; and WAL-MART TRANSPORTATION LLC** | **DEFENDANTS** |
| **TOMMY ARMSTRONG, Individually and on Behalf of All Persons Similarly Situated** | **PLAINTIFF** |
| **VS.              NO. 2:05CV000134 WRW** | |
| **WAL-MART STORES, INC; and WAL-MART TRANSPORTATION LLC** | **DEFENDANTS** |

**ORDER FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES**

On June 30, 2009, following notice to all parties and notice to the Class Members as described herein, a hearing was held before this Court to consider Class Counsels' Motion for Final Approval of Class Action Settlement [ECF No. 216] (the "Settlement Approval Motion") and Class Counsels' Application for Approval of Attorneys' Fees and Reimbursement of Expenses [ECF No. 214] (the "Fee Application"). The Court, having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested, hereby orders as follows:

　　　　1.　　　The Court has jurisdiction over the subject matter of this Action, the Plaintiffs, all Class Members and the Defendants.

2. Notice of: (i) the pendency of this Action as a class action, (ii) the proposed Settlement and (iii) the June 30, 2009 hearing on the fairness of the Settlement and the Fee Petition was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Class Counsel are hereby awarded attorneys' fees in the amount of one third (33 1/3%) of the Settlement Fund, which sum the Court finds to be fair and reasonable, and $405,213.16 in reimbursement of expenses, which amounts shall be paid to Class Counsel from the Qualified Settlement Fund with interest from the date such Settlement Fund is funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Class Counsel in a fashion that, in the opinion of Class Counsel, fairly compensates Class Counsel for their respective contributions in the prosecution of the Action.

4. The Court finds that Class Counsel's request for attorneys' fees is reasonable and that it is supported by consideration of the factors set forth in the following paragraphs.

5. The Settlement achieved by Class Counsel conferred a significant benefit to the Class, including a $17,500,000.00 Settlement Fund. In addition, the Settlement included significant programmatic relief which is an important factor in considering the reasonableness of the attorneys' fee. If Class Counsel had not achieved the Settlement, there was a risk either of nonpayment or of achieving a smaller recovery as well as considerable delay before any resolution was reached.

6. Plaintiffs and Class Counsel faced considerable risk of no recovery in filing an action of this legal and factual complexity.

7. Plaintiffs and Class Counsel faced difficult and novel factual and legal issues in this Action, which they have actively prosecuted since September 22, 2004.

8. To date, Class Counsel have devoted 10,045 hours and $405,213.16 in out-of-pocket costs to achieve the Settlement. Additional hours will be committed to this case during the completion of the settlement administration and the four years of monitoring of Defendants' compliance with the programmatic relief required by the Settlement. A lodestar cross-check, which only takes into account the hours committed to date, results in a multiplier of 2.5, which is reasonable in light of other fee awards by courts in the Eighth Circuit. *See In re Xcel Energy, Inc.* Securities, Derivative and "ERISA" Litigation, 364 F. Supp. 2d 980, 999 (D. Minn. 2005) ( fee award resulted in multiplier of 4.7 based on lodestar); *In re Charter Communications, Inc.*, 2005 U.S. Dist. LEXIS 14772, at *54-57 (E.D. Mo. June 30, 2005) (multiplier of 5.6); *In re St. Paul Travelers Securities Litigation*, 2006 U.S. Dist. LEXIS 23191, at * 11 (D. Minn. April 25, 2006) (multiplier of 3.9); *Dekro v. Stern Bros. & Co., 571 F.Supp.* 97, 108 (W.D. Mo. 1983) (multiplier of 2.0).

9. Class Counsel have litigated this Action and achieved the Settlement with skill and efficiency.

10. As required by the Court, notice was provided to the Class Members indicating that at the June 30, 2009 Settlement Fairness Hearing, Class Counsel intended to seek one-third (33 1/3%) of the $17,5000,000.00 Settlement Fund in attorneys' fees and to seek reimbursement of their expenses, approximated to be $425,0000. Only one objection was filed as to the attorneys' fee

request and it included no substantive basis related to the relevant legal and factual factors considered by the Court.

11.     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Proceeds are consistent with the awards in similar cases.  *See Koenig v. U.S. Bank N.A.* (In re U.S. Bancorp Litig.), 291 F.3d 1035, 1038 (8th Cir. 2002) (approving award to class counsel of 36 percent of settlement fund); *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 67108, at *21-22 (D. Minn. Sept. 18, 2006) (35.5 % fee award); *EEOC v. Faribault Foods, Inc.,* 2008 U.S. Dist. LEXIS 29132, at *13-14 (D. Minn. March 28, 2008) (36% in fees and expenses); *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, 364 F. Supp. 2d 980, 998 (D. Minn. 2005) (surveying eleven cases in the courts in the Eighth Circuit including one fee award of 36%, seven of 33.3% , two of 30%, and one of 25%).

IT IS SO ORDERED this 12th day of August, 2009.

                                                    /s/Wm. R. Wilson, Jr.
                                              UNITED STATES DISTRICT JUDGE

Submitted by:

John W. Walker, #64046
Shawn Childs, #99058
JOHN W. WALKER, P.A.
1723 S. Broadway
Little Rock, AR. 72206
(501) 374-3758 - Telephone

Hank Bates, #98063
Darrin Williams, #94069
CARNEY WILLIAMS BATES BOZEMAN & PULLIAM, PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
(501) 312-8500 - Telephone
(501) 312-8505 - Facsimile

Morgan E. "Chip" Welch, #75136
Lloyd W. (Tre') Kitchens, #99075
WELCH & KITCHENS
One Riverfront Place, Suite 413
North Little Rock, AR 72114
(501) 978-3030 - Telephone
(501) 978-3050 - Facsimile

CLASS COUNSEL FOR PLAINTIFFS